

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00443-CR

_____

JOHN DUNKLIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2021-422792, Honorable John J. "Trey" McClendon III, Presiding

August 14, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

John Dunklin appeals from his conviction by jury for the offense of aggravated assault with a deadly weapon and the resulting sentence of eight years imprisonment. Through his sole issue, appellant argues the trial court erred when it commented on his absence at the beginning of the punishment phase. We affirm.

### Background

At trial, appellant was accused of committing aggravated assault by threat with a deadly weapon when he followed a car containing both adults and children and fired a

gunshot at it, striking the car. Testimony indicated the occupants called 911 and reported the license plate.[1] Investigation led to appellant. After the jury heard testimony from several witnesses and reviewed other evidence, it found appellant guilty.

Appellant was out on bond at the time of his trial and did not appear in court for the punishment phase. The court conferred with counsel concerning attempts made to reach appellant but ultimately, over counsel's objection, proceeded with the punishment phase in appellant's absence. At that point, the court told the jury: "I know we are starting a little bit later than I was anticipating. We are proceeding without the Defendant, who was given due notice as to when he was required to be here, but is not here at this time." The State and defense then presented testimony from their respective witnesses. Though informed that punishment could range from two to twenty years, the jury sentenced appellant to eight years imprisonment.

### Analysis

Through his sole issue on appeal, appellant argues the trial court made a harmful, improper comment when alluding to appellant's absence. The allusion allegedly violated his right to a fair trial and article 38.05 of the Texas Code of Criminal Procedure. We overrule the issue.

A court must refrain from making any remark calculated to convey to the jury its opinion of the case. TEX. CODE CRIM. PROC. ANN. art. 38.05; *Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003); *Quesada-Diaz v. State*, No. 07-20-00163-CR, 2021 Tex. App. LEXIS 578, at *4 (Tex. App.—Amarillo Jan. 26, 2021, no pet.) (mem. op., not designated for publication). Such prohibition is violated when the comment is reasonably

---

[1] Evidence at trial showed appellant had previously threatened the family.

calculated to benefit the State or prejudice the defendant's rights. *See Proenza v. State*, 541 S.W.3d 786, 791 (Tex. Crim. App. 2017); *Zandate v. State*, No. 07-22-00012-CR, 2023 Tex. App. LEXIS 579, at *4 (Tex. App.—Amarillo Jan. 30, 2023, no pet.) (mem. op., not designated for publication).

To reiterate, the comment here consisted of: "I know we are starting a little bit later than I was anticipating. We are proceeding without the Defendant, who was given due notice as to when he was required to be here, but is not here at this time." Little in life exists without context. And, context helps place events in perspective. That is no less true regarding the utterance in question.

At the close of business the prior day, the trial court discussed with the jury when proceedings would resume. Apparently, a juror informed the court that she had a daughter who expected to give birth within hours. That factored into the trial court's scheduling 1:00 p.m. the following day as the time to reconvene. The court then informed the parties and their attorneys of that time. When doing so, the court also turned to appellant and admonished: "I don't have to leave you on bond right now. All right? But you've been showing up to everything, and I trust that you're going to do the – you're going to be here tomorrow at 1:00."

Time to reconvene came. Yet, appellant was absent. Thus, the trial court afforded defense counsel opportunity to find his client. Those efforts proving fruitless, the court decided to proceed. Before doing so and while the jury remained sequestered, it informed counsel that: "the record will reflect that Mr. Dunklin – Dunklin is not present with us. I have asked Counsel for the Defense to reach out to the bonding company, which they have done, and I've asked them to make diligent efforts to contact him via phone, and

3

has indicated to me that they were not able to reach him. So with that having been said, we're going to proceed in his absence." Thereafter, defense counsel was invited to "put on the record" the extent of his efforts to find appellant. Counsel did just that and also objected to the trial court's proceeding in his client's absence. Upon overruling the objection, the trial court invited the jury in and made the statement at issue here. This context includes no harsh words from the trial court or effort to taint appellant's chance at a fair trial. After all, the trial court afforded appellant additional time to appear and his defense counsel opportunity to find him. The court then iterated, for the record, the circumstances that transpired and how the court intended to proceed in view of them. The court also had the forethought to grant defense counsel opportunity to reveal, for the record, the extent of his efforts to find appellant. These facts depict composure, as opposed to "displeasure," with appellant as insinuated by the latter. Moreover, this demeanor continued after the jury returned.

Having taken care to counsel with jurors about an appropriate time to reconvene, the trial court was aware of the delay encountered by them due to the unfolding events. So, the court first thanked them for their patience and explained the failure to resume trial at the time previously selected. Again, no harsh words were included in the explanation. Instead of dwelling on the situation by uttering some diatribe, the court succinctly composed an explanation and continued with the trial.

The situation before us is no more problematic than that occurring in *Hurd v. State*, No. 07-07-0262-CR, 2008 Tex. App. LEXIS 7547 (Tex. App.—Amarillo Oct. 8, 2008, no pet.) (mem. op., not designated for publication). There, the court quipped: "[w]ell, we are going to stand by just a minute. The Defendant is not here, is our main problem right

4

now.  Got any volunteers wants [sic] to stand in?  No volunteers."  We held that those "comments did not convey [the trial judge's] opinion or impression about Appellant's case to the jury.  They did not impart to the jury any information intended to taint the presumption of innocence or vitiate the impartiality of the jury."  *Id.* at *4-5.  Consequently, they failed to evince impropriety.  *Id.*  The same is true here.  In context, we cannot reasonably say that the trial court's words imparted any opinion or viewpoint regarding the defendant or the tenor of his defense.  Nor can we reasonably say that they swayed the jury away from impartiality; indeed, we would be hard-pressed to hold otherwise.  After all, the jury assessed a fraction of the sentence it could have imposed upon someone who shot at children and had multiple prior convictions, both felony and misdemeanor.[2]

The trial court's judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.

---

[2] As noted, punishment ranged from two to twenty years in prison.  The jury levied only eight.